Chris Reichman  SBN 250485
PRATO & REICHMAN, APC
3737 Camino del Rio South, Suite 303
San Diego, CA 92108
Telephone: 619-683-7971
Facsimile:  619-241-8309

Attorney for Plaintiff PAUL SAPAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

PAUL SAPAN,

        Plaintiff,

vs.

SUMMIT FINANCIAL MARKETING, LLC, a Utah limited liability company, KJELL N. MCCORD, an individual, and KNM PROVO HOUSE, LLC, a Utah limited liability company,

        Defendants.

Case No.:
CV14-1006

**COMPLAINT FOR DAMAGES, INCLUDING PUNITIVE DAMAGES, INTEREST AND ATTORNEY'S FEES, AND FOR INJUNCTIVE RELIEF**

**Violation(s) of Telephone Consumer Protection Act of 1991**
**Trespass to Chattel**
**Unfair Business Practices**

COMES NOW Plaintiff PAUL SAPAN (hereinafter referred to as "Plaintiff") who alleges as follows:

/ / /

/ / /

- 1 -

Complaint for, *inter alia*, Violation(s) of Telephone Consumer Protection Act of 1991

## JURISDICTIONAL ALLEGATIONS

1. Plaintiff is, and at all times herein mentioned was, a resident of the County of Los Angeles, State of California.

2. Defendant SUMMIT FINANCIAL MARKETING, LLC, is, and at all times herein mentioned was, a Utah limited liability company, doing business in the County of Los Angeles, State of California.

3. Defendant KJELL N. MCCORD, is, and all times herein mentioned was, a person of unknown residence, doing business in the County of Los Angeles, State of California.

4. Defendant KNM PROVO HOUSE, LLC, is allegedly a business entity registered in Utah, but is in reality nothing but a sham to hide ownership of Defendant KJELL N. MCCORD's home in Provo, Utah.

5. This case is filed pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 et. seq. The U.S. Supreme Court recently decided that federals courts have federal question subject matter jurisdiction over such civil actions under 28 U.S.C. §§ 1331 and 1441. *Mims v. Arrow Fin. Services, LLC*, -- U.S. --, 132 S.Ct. 740, 753 (2012). The state law claim herein arises out of a common nucleus of operative facts and is subject to supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

Complaint for, *inter alia*, Violation(s) of Telephone Consumer Protection Act of 1991

6. At all times herein mentioned each defendant was the partner, agent and employee of each co-defendant herein and was at all times acting within the scope of such partnership, agency and employment and each defendant ratified the conduct of each co-defendant herein.

## FACTUAL SUMMARY

7. On or about November 5, 2011 at 5:25pm PAUL SAPAN received a call to his home phone number from Defendants.

8. The Caller ID for this call listed the number as 562-286-6251, however no Caller ID name was listed as required by law. 47 C.F.R. § 64.1601(e).

9. Defendants' representative identified herself as "Brooke with Summit Financial" and immediately attempted to sell Mr. Sapan financial services.

10. Thereafter, PAUL SAPAN received calls from Defendants using the same Caller ID number and lack of any Caller ID name on each of the following dates and times:

| | | |
|---|---|---|
| 1/28/13 1:56pm | 6/19/2013 9:08am | 7/18/2013 9:53am |
| 1/28/13 2:21pm | 6/24/2013 11:11am | 7/20/2013 3:20pm |
| 1/29/13 10:38am | 6/27/2013 11:29am | 7/18/2013 9:53am |
| 2/1/2013 11:44am | 7/1/2013 11:08am | 7/23/2013 1:38pm |
| 2/7/13 9:58am | 7/10/2013 11:45am | 7/24/2013 10:51am |
| 2/7/13 10:20am | 7/11/2013 9:28am | 7/25/2013 1:55pm |
| 5/22/13 9:37am | 7/15/2013 11:49am | 7/25/2013 2:21pm. |
| 6/5/2013 10:34am | 7/16/2013 9:15am | |
| 6/6/2013 2:35pm | 7/16/2013 1:27pm | |

Complaint for, *inter alia*, Violation(s) of Telephone Consumer Protection Act of 1991

11. During each of these calls that Mr. Sapan answered the Defendants' representatives said they were representing Summit Financial and attempted to sell financial services

12. And for each call Mr. Sapan missed and went to voicemail, he alleges on information and belief given the use of the same sales script during the calls he answered and identical Caller ID number that the calls were transmitted by Defendants to attempt to sell financial services.

13. In fact, during the February 7, 2013 call at 10:20am, "Ryan of Summit Financial" made the same pitch, and when asked about his company, he gave their website as "www.summitdebtleads.com".

14. The U.S. Domain Name Registrar, Network Solutions, lists this website as belong to Defendant Summit Financial Marketing, LLC, and gives the same address that Defendant lists with the Utah Secretary of State.

15. Mr. Sapan alleges on information and belief that Defendants also transmitted the other calls, which went unanswered, to pitch the same debt consultancy services.

16. Mr. Sapan's home phone has been listed on the federal "Do Not Call" registry maintained by the Federal Trade Commission from December 23, 2007 to the present.

/ / /

## PIERCING THE CORPORATE VIEL ALLEGATIONS

17. Plaintiff alleges on information and belief that Defendant KNM Provo House, LLC ("KNM Provo House") is a one member limited liability company and that the one member is Defendant Kjell N. McCord.

18. Plaintiff alleges that the name of the KNM Provo House itself indicates that the sole purpose of the business entity is to hold Mr. Kjell's Provo home located at 2383 W. 180 S., Provo, Utah, not to conduct any actual business.

19. Plaintiff alleges on information and belief that Defendant KNM Provo House is massively undercapitalized.

20. Plaintiff alleges on information and belief that Defendant KNM Provo House holds no liquid assets at all.

21. According to the records of the Utah Secretary of State Defendant KNM Provo House let its business entity status lapse from April 20, 2011 until November 8, 2012.

22. Plaintiff alleges on information and belief that Defendant KNM Provo House kept Mr. Kjell's home on its books during the entire time it's good standing status lapsed.

23. Plaintiff alleges on information and belief that Defendant KNM Provo House has otherwise failed to observe corporate formalities by not having regular

- 3 -

meetings, keeping minutes of those meetings, and keeping records of its business transactions.

24. Plaintiff alleges on information and belief that Defendant KNM Provo House has never paid any dividends.

25. Plaintiff alleges on information and belief that Defendant KNM Provo House and Defendant Kjell McCord have comingled funds in many ways, including by the payment of household expenses and taxes by Mr. McCord even when the so-called business entity actually owns the home.

26. Plaintiff alleges on information and belief that Defendant KNM Provo House no functioning officers or directors other than Mr. McCord.

27. Plaintiff alleges on information and belief that Defendant KNM Provo House no corporate business records indicating active business being conducted.

28. Plaintiff alleges on information and belief that Defendant KNM Provo House is merely a façade for the operations of its dominant member, Mr. McCord, namely holding his house for tax and liability evasion purposes.

### FIRST CAUSE OF ACTION
[Violation of Telephone Consumer Protection Act of 1991]

29. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

30. Subdivision (c) (2) of Section 64.1200 of Title 47 of the Code of

Federal Regulations makes it unlawful for any person to "initiate any telephone solicitation" to "A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations".

31. At all times relevant to this complaint, Plaintiff had registered his residential telephone number on the national do-not-call registry maintained by the U.S. Government.

32. Defendants have called Plaintiff's residential telephone line for solicitation purposes during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658. These calls are the only calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendant has made many more violative calls to Plaintiff's residential telephone line. These calls were not made in error, nor did Defendant have express permission from Plaintiff to call, nor did Defendant have a personal relationship with Plaintiff. 37 C.F.R. § 64.1200 (c) (i), (ii), & (iii).

33. Subdivision (c)(5) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations the national do-not-call registry rules promulgated thereunder. Plaintiff may obtain relief in the form of injunctive relief, or Plaintiff may recover $500.00 for each violation, or both. If

Complaint for, *inter alia*, Violation(s) of Telephone Consumer Protection Act of 1991

the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

## SECOND CAUSE OF ACTION
[Trespass to Chattel]

34. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

35. The conduct by defendants complained of herein, namely illegally calling Plaintiff's phone, constitutes an electronic trespass to chattel.

36. At no time did Plaintiff consent to this trespass.

37. As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof.

38. In making the illegal calls described above, defendants were guilty of oppression and malice, in that defendants made said calls with the intent to vex, injure, or annoy Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff therefore seeks an award of punitive damages.

## THIRD CAUSE OF ACTION
[Engaging in Unfair Business Practices]

39. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

- 6 -

40. Because these telephone calls violate federal statutes, they are unlawful business practices within the meaning of section 17200 of the Business and Professions Code.

41. Section 17203 of the Business and Professions Code entitles Plaintiff to an injunction enjoining defendants from engaging in unfair or unlawful business practices.

WHEREFORE Plaintiff prays for judgment against defendants, and each of them, as follows:

On the FIRST CAUSE OF ACTION:

1. For an award of $500.00 for each violation of 47 U.S.C. § 227 (c) (5);

2. For an award of $1,500.00 for each such violation found to have been willful;

On the SECOND CAUSE OF ACTION:

3. For compensatory damages according to proof;

4. For punitive damages;

On the THIRD CAUSE OF ACTION:

5. For preliminary and permanent injunctions, enjoining Defendants, and each of them, from engaging in unfair or unlawful business practices pursuant to section 17203 of the Business and Professions Code;

- 7 -

On ALL CAUSES OF ACTION:

6. For attorney's fees pursuant to California Code of Civil Procedure § 1021.5.

7. For costs of suit herein incurred; and

8. For such further relief as the Court deems proper.

DATED: February 4, 2014                **PRATO & REICHMAN, APC**

 /s/ Christopher J. Reichman
By: Christopher J. Reichman, Esq.
**Prato & Reichman, APC**
Attorneys for Plaintiff
PAUL SAPAN

- 8 -

Complaint for, *inter alia*, Violation(s) of Telephone Consumer Protection Act of 1991

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge ____Margaret M. Morrow____ and the assigned Magistrate Judge is ____Alicia G. Rosenberg____.

The case number on all documents filed with the Court should read as follows:

**2:14-cv-01006 MMM-AGRx**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

February 10, 2014             By  SBOURGEOIS
        Date                        Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| | | |
|---|---|---|
| [x] Western Division<br>312 N. Spring Street, G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Ste 1053<br>Santa Ana, CA 92701 | [ ] Eastern Division<br>3470 Twelfth Street, Room 134<br>Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (08/13)     NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
PAUL SAPAN

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
SUMMIT FINANCIAL MARKETING, LLC, a Utah limited liability company, KJELL N. MCCORD, an individual, and KNM PROVO HOUSE, LLC, a Utah limited liability company,

**(b) County of Residence of First Listed Plaintiff** Los Angeles
(EXCEPT IN U.S. PLAINTIFF CASES)

**County of Residence of First Listed Defendant** _____
(IN U.S. PLAINTIFF CASES ONLY)

**(c) Attorneys** (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.
Christopher J. Reichman, Esq.
PRATO & REICHMAN, APC
3737 Camino del Rio South, Suite 303
San Diego, CA 92108

**Attorneys** (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No  (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ According to Proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Telephone Consumer Protection Act, 47 U.S.C. §227 et. seq.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | Habeas Corpus: | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | ☐ 530 General | SOCIAL SECURITY |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | Other: | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 340 Marine | BANKRUPTCY | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | FEDERAL TAX SUITS |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/PENALTY | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | LABOR | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | REAL PROPERTY | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

CV14-1006

**FOR OFFICE USE ONLY:**   Case Number: _____

CV-71 (11/13)                                       CIVIL COVER SHEET                                       Page 1 of 3

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court?<br>☐ Yes  ☒ No<br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action?<br>☐ Yes  ☒ No<br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?<br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☒ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☒ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims?<br>(Make only one selection per row) | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

| C.1. Is either of the following true? If so, check the one that applies:<br>☐ 2 or more answers in Column C<br>☐ only 1 answer in Column C and no answers in Column D<br>Your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question D, below.<br>If none applies, answer question C2 to the right. ➡ | C.2. Is either of the following true? If so, check the one that applies:<br>☐ 2 or more answers in Column D<br>☐ only 1 answer in Column D and no answers in Column C<br>Your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question D, below.<br>If none applies, go to the box below. ⬇ |
|---|---|

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | WESTERN |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed?  [X] NO   [ ] YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed **in this court** that are related to the present case?  [X] NO   [ ] YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** /s/ Christopher J. Reichman        DATE: February 4, 2014

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| PAUL SAPAN <br><br> *Plaintiff(s)* <br> v. <br> SUMMIT FINANCIAL MARKETING, LLC, a Utah limited liability company, KJELL N. MCCORD, an individual, and KNM PROVO HOUSE, LLC, a Utah limited liability company, <br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. **CV14-1006 MMM-AGRx** |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   SUMMIT FINANCIAL MARKETING, LLC
KJELL N. MCCORD
KNM PROVO HOUSE, LLC
1140 E 120 S
Orem, UT 84097

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

PRATO & REICHMAN, APC
3737 Camino del Rio South, Suite 303
San Diego, CA 92108

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: FEB 10 2014     SHEA BOURGEOIS
                     *Signature of Clerk or Deputy Clerk*

1184